Signed and Filed: November 22, 2012

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 12-31917DM
MORRIS SYLVESTER MAXWELL,          )
                                   )
                       Debtor.     ) Chapter 13
_____)
MORRIS SYLVESTER MAXWELL,          ) Adversary Proceeding
                                   ) No. 12-3127DM
                       Plaintiff,  )
                                   )
v.                                 )
                                   )
ONE WEST BANK; DEUTSCHE BANK       )
NATIONAL TRUST COMPANY, N.A.,      )
QUALITY LOAN SERVICES, INC.,       )
                                   )
                       Defendants. )
_____)
```

MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS

On November 9, 2012, this court held a hearing on the motion of defendants OneWest Bank, FSB ("OneWest") and Deustche Bank National Trust Company, N.S. ("Deutsche") (together, "Defendants") to dismiss the adversary complaint of plaintiff Morris Sylvester Maxwell ("Debtor") and took the matter under submission. For the reasons set forth below, the court intends to GRANT the motion and DISMISS, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (incorporated by Federal Rule of Bankruptcy Procedure 7012), the complaint of Debtor for failure to state a

claim for which relief can be granted.

On August 27, 2012, Debtor filed a complaint seeking damages and declaratory relief against Defendants for violations of the Truth in Lending Act, "fraudulent claim of valid trustee powers," "fraudulent claim of ownership of trust deed," intentional misrepresentation of fact, and negligent misrepresentation of fact. These claims are based on allegations that none of the Defendants has a right to foreclose because the underlying note was securitized and because any assignment of the deed of trust was defective and fraudulently executed. As discussed later, these claims (with the exception of the Truth in Lending cause of action) were also asserted by Debtor and his spouse in a state court action, and were dismissed with prejudice by the state court.

I. LEGAL STANDARD FOR MOTIONS TO DISMISS

In considering whether to dismiss Debtor's complaint, this court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to Debtor, the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nonetheless, this court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Id.

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th

Cir. 1990). In deciding whether to grant Defendants' motion to dismiss, the court is taking into consideration the exhibits submitted with Debtor's complaint and the exhibits attached to Defendants' request for judicial notice ("RJN"). In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

II. FACTS

    A. Underlying Loan Transaction

Debtor and his spouse purchased property located on Poinsetta Avenue in San Mateo, California, as their primary residence (the "Property"). According to paragraph 10 of Debtor's verified second amended complaint filed in Case No. 482969 in the Superior Court of California (County of San Mateo) "("State Court"), Indymac Bank, F.S.B. was the lender and "refinanced [the Property] with one note in the amount of $830,000.00. The note was secured by a [d]eed of [t]rust executed on January 5, 2007 and recorded against [the Property] on January 12, 2007." RJN, Exh. 13; RJN, Exh. 1. The deed of trust ("DOT") designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, as nominee for Indymac Bank, F.S.B. and its successors and assigns. RJN, Exh. 1. The DOT also identifies First American Title Insurance Company as the trustee. Id.

On July 11, 2008, IndyMac Bank, F.S.B. failed, and the Office of Thrift Supervision ("OTS") appointed the FDIC as Receiver. (RJN, Exh. 7). That same day, the OTS chartered a new institution, IndyMac Federal Bank, FSB, and appointed the FDIC-Conservator to operate that new institution. Id.

On February 23, 2009, an assignment of deed of trust was

-3-

filed reflecting that MERS had assigned to IndyMac Federal Bank ("IndyMac Federal") all beneficial interest in the DOT. The assignment reflects an "effective date" of December 19, 2008, and was notarized on February 9, 2009. RJN, Exh. 2. On February 4, 2009, a Substitution of Trustee substituted defendant Quality Loan Services Corporation ("Quality") as trustee under the DOT in place of First American Title. RJN, Exh. 4.) That substitution is dated December 28, 2008 and was notarized on January 12, 2009. Erica A. Johnson-Seck ("Johnson-Seck") executed the assignment on behalf of MERS.

Prior to the notarization and filing of the Substitution of Trustee, Quality recorded (on December 28, 2008) a Notice of Default and Election to Sell Under Deed of Trust. RJN, Exh. 3. The notice of default reflects an unpaid balance of $867,750.78.

On March 26, 2009, Quality recorded a notice of trustee's sale. RJN, Exh. 5. The trustee's sale did not take place. On June 14, 2010, Indymac Federal Bank FSB assigned all interest in the note and DOT to Deutsche Bank, as Trustee. RJN, Exh. 6.

Debtor alleges that the assignment of the DOT and the substitution of trustee were ineffective and fraudulent because the notarization dates and effective dates were not identical. He also alleges that any assignment of the underlying note was ineffective because it had been assigned to Deutsche Bank as trustee; in other words, the securitization of the note purportedly precludes its enforcement by Defendants. Debtor also alleges that Johnson-Seck is a "robo-signer" and thus the assignment of the DOT is fraudulent.

Debtor does not dispute that the loan is in default.

B. State Court Action

On April 9, 2009, Debtor and his spouse filed a verified complaint in State Court for intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, unfair debt collection practices, and for quiet title, declaratory relief, injunctive relief and accounting. RJN, Exh. 10. On September 4, 2009, they filed a verified first amended complaint for fraud, breach of fiduciary duty, wrongful foreclosure, breach of contract, breach of implied covenant of good faith and fair dealing, violations of California Business & Professions Code § 17200 and Civil Code § 2923.5(b), violation of the California Rosenthal Act, negligence and for cancellation of trustee's deed[1] and quiet title. RJN, Exh. 11.

On June 10, 2010, the State Court denied the request of Debtor and his spouse for a preliminary injunction, finding that they "fail[ed] to establish a reasonable probability of success upon the merits of their claims based on Civil Code section 2923.5 and all other claims plead in the First Amended Complaint." RJN, Exh. 12. On March 4, 2011, Debtor and his spouse filed a second amended complaint identifying OneWest as a defendant and asserting the same or similar claims. RJN, Exh. 13. OneWest filed a demurrer, and on June 18, 2011, the Court overruled the demurrer only as to the § 2923.5 claim and sustained the demurrer with leave to amend as to all other claims. RJN, Exh. 14.

---

[1] Despite labeling the cause of action as one to cancel a trust deed, Debtor and his spouse were actually seeking invalidation of the DOT. It does not appear from the record that any trustee's deed has been executed or recorded.

-5-

On July 7, 2011, Debtor and his spouse filed another amended complaint, incorrectly identifying it as a "second amended complaint," although it was actually a third amended complaint. RJN, Exh. 15. This amended complaint names OneWest as a defendant; although Deutsche Bank was not identified in the caption, it was identified as a defendant throughout the text. (See e.g. paragraphs 2 and 29-32 of RJN, Exh. 15). Both OneWest and Deutsche Bank filed demurrers as to all of the causes of action except for the one based on Civil Code § 2923.5. The State Court sustained both demurrers without leave to amend. RJN, Exhs. 16 and 18.

In particular, the State Court found that Debtor's second and third causes of action contending that the assignment of the note and DOT to Deustche Bank was invalid and illegal did "not state legally cognizable claims." "[T]he complaint alleges no facts to support the conclusions that the Assignment of Deed of Trust was invalid or illegal." RJN, Exhs. 16-18. The State Court also dismissed with prejudice Debtor's claims for negligent and intentional misrepresentation of facts. The State Court observed that Debtor and his spouse conceded "that they have access to facts, but offer no explanation why they have not yet obtained the facts, thirty-two months into this case." Id. The State Court also dismissed with prejudice the request for declaratory judgment, noting that "[a]s a matter of law, this type of controversy [whether Defendants have a right to pursue foreclosure] is not appropriate for declaratory relief." Id., citing Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1155-56 (2011).

-6-

Case: 12-03127    Doc# 29    Filed: 11/22/12    Entered: 11/27/12 14:05:31    Page 6 of 16

The State Court's orders sustaining the demurrers of OneWest and Deutsche Bank without leave to amend disposed of all of Debtor's claims except the one arising under California Civil Code § 2923.5. The latter claim has not been asserted in this adversary proceeding, and thus is not at issue here. On August 24, 2012, Debtor and his spouse dismissed their state court action. RJN, Exh. 24. Two days prior to this dismissal, Debtor filed the current adversary proceeding, alleging largely the same facts and claims for relief as those they asserted in the State Court action (except the claim under Civil Code § 2923.5).

C. <u>Analysis</u>

1. <u>TILA Claim</u>

The only new cause of action asserted by Debtor in the adversary proceeding is one for violations of the Truth in Lending Act. Defendants correctly allege, and Debtor does not dispute, that this claim is time-barred. <u>Consumer Solutions Reo LLC v. Hillery</u>, 658 F.Supp.2d 1002, 1007-08 (N.D. Cal. 2009). The court will therefore grant the motion to dismiss Debtor's first claim for relief.

2. <u>Remaining Claims</u>

The second through sixth claims for relief are essentially identical to those raised in and denied by the state court. Even though Defendants did not specifically assert that the claims are barred by the doctrines of issue and claim preclusion (otherwise known as res judicata or collateral estoppel), they did contend that this action is Debtor's "fifth bite at the apple" and that the claims "have already failed in state court" and "should not be given a second life here."

Case: 12-03127    Doc# 29    Filed: 11/22/12    Entered: 11/27/12 14:05:31    Page 7 of 16

Memorandum of Points & Authorities in Support of Motion to Dismiss at page 17. In their reply, Defendants state (without authority) that the court could find that Debtor's action is "barred based on the doctrines of res judicata or collateral estoppel" and reserved their right to make such arguments. Reply at pages 2-3. "[Debtor] was given three chances, following challenges to the sufficiency of his claims, to set forth actionable causes of action against [D]efendants. It is unclear why [Debtor] thinks that re-alleging the same claims in this Court will result in a different outcome; it should not." Id.

Although Defendants did not analyze whether and how the doctrines of issue and claim preclusion would apply in this adversary proceeding, Debtor does brief in his opposition the issue of whether his claims are barred by collateral estoppel. In particular, Debtor contended that an essential element (final determination by a court of competent jurisdiction) does not exist, as "the claims in the complaint in this court have never been heard, never litigated." Opposition at pages 4 and 7-8. The court disagrees, and believes that Debtor's claims are indeed precluded by the State Court orders sustaining the Defendants' demurrers without leave to amend.

a. *Court's Authority to Consider Preclusion Issues*

At the outset, the court acknowledges that claim or issue preclusion are affirmative defenses that must be pled, not raised sua sponte. An exception exists, however, "where all of the relevant facts are contained in the record [] and all are uncontroverted." Am. Furniture Co. v. Int'l Accommodations Supply, 721 F.2d 478, 482 (5th Cir. 1981) (affirming sua sponte

-8-

dismissal based on res judicata grounds).[2]  The court "may not ignore their [the undisputed facts'] legal effect, nor may [it] decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." Id.  Here the relevant facts are uncontested: the State Court sustained, without leave to amend, the demurrers of Defendants to claims substantially identical to those raised by Debtor in this adversary proceeding.  As discussed below in subsection (b), these undisputed facts support a finding of preclusion under California law.

In McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986), the Ninth Circuit approved sua sponte consideration of preclusion where the bankruptcy court heard evidence and gave both parties an opportunity to address the issue:

> The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. . . . It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision . . . to examine the res judicata effect of that prior judgment sua sponte.

Here, Debtor has addressed and briefed preclusion principles in his opposition, and Defendants have submitted undisputed evidence that the State Court has considered and disposed of claims substantially identical to the ones asserted by Debtors here.  The

---

[2] The Ninth Circuit has also held that a court may consider preclusion on a sua sponte basis.  Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1994) (magistrate had authority to sua sponte apply res judicata effect to prior judgment where the defendants presented the issue in a motion for continuance and the parties had an adequate opportunity to examine and contest the application of preclusion).

-9-

only question is the legal impact of that evidence, and the Court disagrees with Debtor's contention that as a matter of law the State Court orders on the demurrers do not satisfy the requisites of preclusion. Debtor does not dispute the authenticity of the State Court orders and has argued orally and in his written opposition about the application of collateral estoppel principles to these facts. Therefore, the usual concerns preventing a court from considering preclusion issues sua sponte do not apply in the context of this motion to dismiss, as Debtor can claim no surprise or prejudice.

      b.   *Application of Preclusion Principles*

Under the Federal Full Faith and Credit Statute (28 U.S.C. § 1738), "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." ; 28 U.S.C. § 1738; Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Thus, the claims brought by Debtor are subject to California's principles of issue and claim preclusion. Id.; Allen v. McCurry,, 449 U.S. 90, 97-98 (1980) (preclusive effect in federal court of state proceedings is same as that accorded in state's own courts).

Issue preclusion (often called "collateral estoppel") forecloses relitigation of matters that have already been decided in prior proceedings. Paine v. Griffin (In re Paine), 283 B.R. 33, 39 (9th Cir. BAP 2002); see also Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001)(applying California law), quoting Lucido v. California, 51 Cal.3d 335, 272 Cal.Rptr.

-10-

767, 795 P.2d 1223, 1225 (1990); Christopher Klein, <u>et al</u>, <u>Principles of Preclusion & Estoppel in Bankruptcy Cases</u>, 79 Am. Bankr. L.J. 839, 852 (2005). For issue preclusion to apply, the following elements must be satisfied:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

<u>Harmon</u>, 250 F.3d at 1245.

Claim preclusion (res judicata) similarly provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action. See <u>In re Baker</u>, 74 F.3d 906, 910 (9th Cir.1996). Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.

Under California's law of issue preclusion, an order sustaining -- without leave to amend -- a demurrer on a cause of action precludes reassertion of that claim in subsequent litigation. <u>Brambila v. Wells Fargo Bank</u>, 2012 WL 5383306 (N.D. Cal. Nov. 1, 2012) ("trial court's sustaining a demurrer without leave to amend resulted in a final judgment on the merits."), <u>citing</u> <u>Goddard v. Security Title Ins. & Guarantee Co.</u>, 14 Cal.2d 47, 92 P.2d 804, 807 (1939) ("[a] judgment given after the sustaining of a general demurrer

-11-

on a ground of substance ... may be deemed a judgment on the merits, and conclusive in a subsequent suit." ). The State Court orders sustaining the Defendants' demurrers without leave to amend are judgments on the merits for preclusion purposes as they "adjudicate[d] that the facts alleged [did] not constitute a cause of action" and thus are a bar to this subsequent action alleging the same facts. Keidatz v. Albany, 39 Cal.2d 826, 828, 249 P.2d 264 (1952) (citations omitted).[3]

That Debtor and his spouse dismissed the State Court action before the State Court could enter a formal judgment on all of the claims (as they were given leave to amend their section 2923.5 claim) does not change the preclusive effect of the State Court orders sustaining Defendants' demurrers without leave to amend. When a state court has sustained a demurrer, a voluntary dismissal of the underlying complaint has "no significance" for preclusion purposes "other than to evidence acquiescence in the ruling." Warren v. Lawler, 343 F.2d 351 (9th Cir. 1965). The Debtor's dismissal of the State Court lawsuit thus does not prevent the doctrine of issue or claim preclusion from attaching to the demurrer orders. Id.

---

[3] See also Olwell v. Hopkins, 28 Cal.2d 147, 149-50, 168 P.2d 972 (1946) (dismissal was a final judgment on the merits precluding further litigation of the claim); Kanarek v. Bugliosi, 108 Cal.App.3d 327, 334, 166 Cal.Rptr. 526 (1980) (demurrer sustained for failure of the facts alleged to state a cognizable cause of action found to be a judgment on the merits); Sterling v. Galen, 242 Cal.App.2d 178, 182-83, 51 Cal.Rptr. 312 (1966) (judgment of dismissal given res judicata effect). ; Johnson v. Flores, 2009 WL 606263, at *7 (N.D. Cal. Mar. 9, 2009) (the granting of defendant's demurrer on the grounds that plaintiff's complaint failed to state sufficient facts to constitute cognizable causes of action, followed by dismissal when plaintiff failed to amend his complaint, was a decision on the merits that was entitled to preclusive effect.).

-12-

Here, all of the requirements for applying preclusive effect to the State Court orders exist: the claims asserted and issues presented in both actions are identical; the claims were actually litigated, in that the State Court considered and ruled on them in the context of the demurrer; the claims were necessarily decided by the state court; the demurrer orders followed by dismissal constituted a final decision on the merits; and the parties are identical in both this adversary proceeding and the State Court action. Dismissal is therefore appropriate.

    c. *Merits of Claims*

Even if the Debtor's claims were not barred by preclusion principles, the court would dismiss the claims of Debtor. The fact that the note was securitized does not preclude enforcement of it or the DOT securing it. Recently, the Ninth Circuit, in explaining that MERS is an electronic database that tracks the transfers of the beneficial interest in home loans, held that use of the MERS system does not eliminate a party's right to foreclose, even accepting the premise that use of MERS splits the note from the deed. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034 (9th Cir. 2011). Other courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach. Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1039 (N.D. Cal. 2009) (rejecting plaintiff's theory that defendants "lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool"); see also Beyer v. Bank of America, 800 F.Supp.2d 1157 (D. Or. 2011) (rejecting argument that trust deed is void when separated

-13-

Case: 12-03127    Doc# 29    Filed: 11/22/12    Entered: 11/27/12 14:05:31    Page 13 of 16

from promissory note); Chavez v. California Reconveyance Co., 2010 WL 2545006 (D. Nev. June 18, 2010) ("The alleged securitization of Plaintiffs' Loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course."))

In addition, the fact that the party (Johnson-Seck) executing the assignment of the deed of trust may be a robo-signor does not give rise to a claim of fraud where Debtor does not dispute that he defaulted on the loan. See Orzoff v. Bank of America, N.A., 2011 WL 1539897, at *2–3 (D. Nev. Apr. 22, 2011) (holding that plaintiff failed to state a claim that trustee breached its duty by "robosigning" documents related to plaintiff's loan where plaintiff did not dispute that she defaulted on her mortgage or that she received required notices); Bucy v. Aurora Loan Servs., LLC, 2011 WL 1044045, at *6 (S.D. Ohio Mar. 18, 2011) (plaintiff failed to state a claim for fraud based on purported "robo-signing" where "Plaintiff d[id] not dispute the accuracy of any of the salient facts, such as the amount owed or the amount in default.").

IV. CONCLUSION

In light of the foregoing law, Debtor has not set forth a cognizable cause of action. Dismissal for failure to state a claim for relief appears appropriate. Nonetheless, as the court has based its decision on case law not mentioned by Defendants in their briefs, it will grant Debtor an opportunity to file a supplemental brief discussing any authority contrary to the court's legal conclusions regarding the preclusive effect of the State Court rulings. Debtor should file (and provide chambers

-14-

copies) and serve any such supplemental brief no later than December 7, 2012. At that time the court will determine whether any additional briefing from Defendants or a further hearing would be appropriate. In the interim, the court will take the status conference and hearing on the motion for preliminary injunction off the November 30 calendar, given the court's intended disposition (dismissal) of the adversary proceeding.

If Debtor does not file a supplemental brief on or before December 7, 2012, counsel for Defendants should upload an order granting their motion to dismiss for the reasons stated in this memorandum decision. They should comply with B.L.R. 9021-1 and 9022-1 when doing so.

**END OF MEMORANDUM DECISION**

```
 1                    COURT SERVICE LIST
 2  Morris Sylvester Maxwell
    318 Poinsettia Ave.
 3  San Mateo, CA 94403
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```